**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLORIA SUN JUNG YUN,** | **:** | |
| **Plaintiff** | **:** | **CIVIL ACTION NO. 3:16-2416** |
| **v** | **:** | **(JUDGE MANNION)** |
| **BANK OF AMERICA, N.A., *et al.*,** | **:** | |
| | **:** | |
| **Defendants** | | |

## MEMORANDUM

On December 1, 2016, plaintiff Gloria Sun Jung Yun, filed *pro se* a complaint against the Bank of America ("BOA") and several other defendants, including 1000 John and Jane Doe defendants. (Doc. 1). The plaintiff alleges violations of her constitutional rights by various state and federal officials, including county court judges and two judges of this court in regards to a mortgage foreclosure action commenced against her in 2012 by BOA in Monroe County Court. Plaintiff has not yet paid the required filing fee or filed a motion to proceed *in forma pauperis*. Plaintiff has also filed a notice of removal seeking to remove BOA's Monroe County Court foreclosure case number 2012-5227 to this federal court. (Doc. 1-2). Additionally, plaintiff filed an emergency motion for preliminary injunction requesting this court to enjoin her eviction from her foreclosed upon property. (Doc. 2). Upon review of the complaint, the motion and the materials attached to them, the court will **DENY** the emergency injunction motion and **DISMISS** this action.

## I.    BACKGROUND

On December 9, 2016, plaintiff filed an emergency motion for preliminary injunction in which she requests an injunction preventing the Monroe County Sheriff from evicting her from her property located in Middle Smithfield Township, Monroe County, Pennsylvania and challenging a recent foreclosure sale of her property held on July 28, 2016.[1] (Doc. 2). Plaintiff states that her "property was sold in an auction and BOA et[.] al[.] bought [her] property with close to 1 percent of [her] property value." As an exhibit attached to her motion, plaintiff submitted a copy of the Monroe County Sheriff's Deed dated August 26, 2016 transferring title to her property from the Sheriff to Wilmington Savings Fund Society for $6,247.02. (Doc. 2 at 8-9). The Deed indicates that plaintiff's property was transferred to the Sheriff on July 28, 2016 "after due advertisement according to law, under and by virtue of a Writ of Execution issued on April 28, 2015" in the Monroe County Court

---

[1]On April 27, 2016, plaintiff Gloria Sun Jung Yun previously filed a nearly identical action with this court that was docket as Civil No. 16-704, M.D.Pa. The case was assigned to Judge Mehalchick and Judge Mariani. On December 5, 2016, Judge Mariani issued an order dismissing the case after plaintiff filed a notice of voluntary dismissal of her case under Fed.R.Civ.P. 41.

The court notes that all of the judicial defendants in this case are entitled to absolute immunity from suit. The judges, including Judges Mehalchick and Mariani, are protected by absolute immunity for all judicial acts except those made in the clear absence of jurisdiction. Cleavinger v. Saxner, 474 U.S. 193, 199, 106 S.Ct. 496 (1985); Stump v. Sparkman, 435 U.S. 349, 356–67, 98 S.Ct. 1099 (1978); Clark v. Conahan, 737 F.Supp.2d 239, 255-256 (M.D.Pa. 2010). "Judicial immunity provides complete immunity from suit, not merely from an ultimate assessment of damages." Smith v. Laster,787 F.Supp.2d at 319 (citing Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286 (1991)).

in civil case number 2012-5227 initiated by BOA, successor by merger to "BAC Home Loans Servicing, L.P., F/K/A Countrywide Home Loans Servicing, L.P." Plaintiff states that she filed a counterclaim in Monroe County Court on October 11, 2016 and an amended counterclaim on October 25, 2016, since she just learned that her property was sold and defendants failed to notify her. Plaintiff states that defendants refused to work out her counterclaim and, instead, filed a "new case" against her in Monroe County Court on October 20, 2016, case number 5227-CV-2012, to enforce her ejectment from her property. From the case number, it appears that defendants filed their motion in the original foreclosure action and did not commence a new case against plaintiff.

Thus, the Writ of Ejectment recently filed by BOA is still pending in Monroe County Court as well as plaintiff's counterclaims, including her counterclaim to quiet title. Plaintiff appears to be trying to remove the ongoing ejectment action BOA filed in the Monroe County Court in civil case number 2012-5227 as well as her claim to quiet title to this court. (Doc. 1-2). Plaintiff alleges that defendants are conspiring to violate her due process rights by unlawfully taking her property. Plaintiff indicates that her constitutional rights under the Fourth and Fourteenth Amendments were violated by the taking of her property without due process.[2] Plaintiff appears to allege in part that the

---

[2]"The seizure of property implicates two explicit textual sources of constitutional protection, the Fourth Amendment and the Fifth." U.S. v. James Daniel Good Real Prop., 510 U.S. 43, 50, 114 S.Ct. 492 (1993) (the court noted that the Fourth Amendment applied to the seizure of a four-acre parcel (continued...)

Mortgage and Promissory Note on her property were held by Countrywide Bank and that BOA had no authority to commence the mortgage foreclosure action against her since it could not produce and verify the original Mortgage and Note. She also alleges that the Monroe County Court is "not a competent court" and seemingly lacked jurisdiction to enter the foreclosure judgment against her.

As indicated, on April 28, 2015 the Monroe County Court issued a Writ of Execution after entering judgment in favor of BOA in its mortgage foreclosure action filed against plaintiff in civil case number 2012-5227 despite plaintiff's claim that the county court had no jurisdiction over her as an "American National." Specifically, plaintiff states that she is a "Non-U.S. Citizen" and is "a living woman on the republic land" of "the people of the Pennsylvania republic nation." (Doc. 2 at 2-4). She further states that "[I] am the people of Pennsylvania and not a corporate U.S. person" and that Pennsylvania is a sovereign. (Doc. 1-2). However, she claims that she is not a resident of the Commonwealth of Pennsylvania or Monroe County.

In her instant motion, (Doc. 2), plaintiff states that the foreclosure judgment was unlawfully entered by the Monroe County Court, that the foreclosure sale of her property was invalid and, that the deed to her property

---

[2](...continued)
of land with a house); Soldal v. Cook County, Illinois, 506 U.S. 56, 70, 113 S.Ct. 538 (1992) (court held that a "seizure ... occurs when 'there is some meaningful interference with an individual's possessory interests in that property'"). Plaintiff's claims under the Fourth Amendment are applicable to the actions of the state via the Fourteenth Amendment.

was fraudulently conveyed. She also states that the pending ejectment action BOA filed is unlawful since BOA did not have standing at the outset to file the mortgage foreclosure action and to foreclose on her property since it never "verified the [mortgage] contract" and could not prove "evidence of debt" because it was not the holder of the genuine Promissory Note and Mortgage Note. As such, plaintiff states that since BOA never held the Notes and did not verify them, it could not legally foreclose on them and that the foreclosure action BOA filed and the foreclosure judgment the Monroe County Court entered against her were invalid. Thus, she seeks to remove BOA's ongoing Monroe County Court case number 2012-5227 to this federal court and she requests this court to issue an emergency injunction to stop the recent ejectment action BOA filed against her on October 20, 2016, and to stop defendants from enforcing the "fraudulent lien" on her property.

## II.    STANDARDS

Under 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States." Thus, a defendant may remove from state court to federal court any civil case arising under federal law. *See* 28 U.S.C. §1441(b).

Upon a motion to remand a removed action, the removing party bears the burden of demonstrating that removal was proper. Scanlin v. Utica First Ins. Co., 426 F. Supp. 2d 243, 246 (M.D. Pa. 2006) (citing Boyer v. Snap-On

Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." Id.

The notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading setting forth the claim for relief. 28 U.S.C. §1446(b). The court does not have discretion to extent this thirty (30) day period. Crawford v. Fargo, 341 F.Supp. 762, 763 (M.D. Fla. 1972), *citing* Peter Holding Co. v. Leroy Foods, Inc., 107 F.Supp. 56 (D.C.N.J. 1942).

Moreover, ruling on the removal of any action is the prerogative of the federal courts. Id. (citing Harrison v. St. Louis & S.F.R. Co., 232 U.S. 318, 329 (1914) ("as the right given to remove by the United States law is paramount, it results that it is also of the essence of the right to remove, that when an issue of whether a prayer for removal was rightfully asked arises, a Federal Question results which is determinable by the courts of the United States free from limitation or interference arising from an exertion of state power")).

Injunctions may issue in only exceptional and extraordinary circumstances. Parent v. Whinston, 347 F. Supp. 471, 472 (E.D. Pa. 1972) (citing Miller v. Standard Nut Margarin Co., 284 U.S. 498 (1932)). The grant or denial of a motion for injunctive relief is within the sound discretion of the district judge. Kershner v. Mazurkiewicz, 670 F.2d 440, 443 (3d Cir. 1982) (citing Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc., 630 F.2d 120, 136 (3d Cir. 1978), *cert. denied*, 449 U.S. 1014 (1980). Injunctive relief is not granted as a matter of right. Id.

In order to obtain injunctive relief, the moving party must demonstrate: (1) the likelihood of success on the merits; (2) that the party will suffer irreparable harm by the denial of the injunction; (3) that granting the relief will not result in even greater harm to the other interested party; and (4) the public interest will not be adversely affected by the granting of relief. Ecri v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987); In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." Arthur Treacher's, 689 F.2d at 1143.

## III.    DISCUSSION

As discussed above, the facts clearly necessitate this court to decline the removal of this case from the Court of Common Pleas of Monroe County in light of the plaintiff's failure to comply with the 30 day requirement of 28 U.S.C. 1446(b). Four years have passed between the filing of the mortgage foreclosure action by BOA in 2012 in Monroe County Court and the filing of the notice of removal by plaintiff on December 1, 2016. (Doc. 1-2). As such, the plaintiff has not even approached the removal requirement time limit and, accordingly, this court will not remove the proceedings from the Monroe County Court based on plaintiff's defective removal.

Moreover, plaintiff seeks injunctive relief in the form of an order barring the transfer of the deed to her Monroe County property to the Sheriff and

barring her eviction from the property. As stated, the eviction action BOA recently filed along with plaintiff's counterclaim to quiet title are still pending in the Monroe County Court.

The court finds that plaintiff has not shown a likelihood of success on the merits since she had adequate state court remedies to challenge the foreclosure judgment and the Writ of Execution issued on April 28, 2015 by the Monroe County Court and the foreclosure sale of her property held on July 28, 2016. Plaintiff could have filed motions in state court to set aside the Sheriff's sale and to strike the August 27, 2016 deed conveying her property to the Sheriff. She could have also appealed the foreclosure judgment entered by the county court as well as the Writ of Execution entered on April 28, 2015 and the recent foreclosure sale of her property to the Pennsylvania Superior Court. Further, if BOA prevails in its recent ejectment action it filed against her on October 20, 2016 in her ongoing foreclosure action, plaintiff can file for relief with the Superior Court to prevent her ejectment.

Since plaintiff has available state court remedies to challenge the foreclosure sale of her property as well as her ejectment, by filing an appeal, she fails to state a Fourth Amendment due process claim at this time.

Additionally, plaintiff has not shown immediate irreparable harm since monetary damages would be adequate to compensate her if, for some reason, the foreclosure sale was invalidated.

Thus, plaintiff's motion for an emergency injunction, (Doc. 2), will be **DENIED**.

Additionally, the court finds it lacks subject matter jurisdiction over plaintiff's complaint that is filed pursuant to 28 U.S.C. §1331. The court can raise *sua sponte* subject matter jurisdiction issues. *See* Nesbit v. Gears Unlimited, Inc. 347 F.3d 72, 77 (3d Cir. 2003). Plaintiff's claims clearly relate to the foreclosure action BOA filed and the judgment entered against her by the Monroe County Court. Essentially, she invites this court to conduct appellate review of the Orders, Writs and Judgment issued against her in the Monroe County Court of Common Pleas. This court, a federal district court, does not have jurisdiction to review state court final actions under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine "is a judicially-created doctrine that bars lower federal courts from reviewing certain state court actions." Goodson v. Maggi, 797 F.Supp.2d 587, 597 (W.D.Pa.2011). The doctrine arose in the wake of two Supreme Court Cases, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and stands for the proposition that

> a United States District Court has no subject matter jurisdiction to review final judgments of a state court, because only the Supreme Court has jurisdiction to review state court judgments under 28 U.S.C. §1257. *Goodson,* 797 F.Supp.2d at 597 (citing Feldman, 460 U.S. at 482). . . . "This doctrine applies even where the challenges to the state court judgment allege that the state court's action was unconstitutional, such as a deprivation of due process and equal protection rights." *Goodson,* 797 F.Supp.2d at 597 (citing Feldman, 460 U.S. at 485-86 (citation omitted)).

Conklin v. Anthou, No. 1:10-CV-2501, 2012 WL 124989, at *2 (M.D. Pa. Jan. 17, 2012), *aff'd*, 495 F. Appx. 257 (3d Cir. 2012). There are four factors that must be satisfied for the Rooker-Feldman doctrine to apply:

(1)    the federal plaintiff lost in state court;
(2)    the plaintiff "complain[s] of injuries caused by [the] state-court judgments";
(3)    those judgments were rendered before the federal suit was filed; and
(4)    the plaintiff is inviting the district court to review and reject the state judgments.

Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Here, the plaintiff complains about an adverse foreclosure judgment from state court, as well as the Writ of Execution, the Sheriff's sale of her property, and the pending ejectment action recently filed by BOA to evict her from the property. Next, the motion for an emergency injunction clearly qualifies as a complaint about the potential "irreparable" injury that the state court decisions and orders will cause. The Writ of Execution regarding the foreclosure judgment BOA obtained against plaintiff was issued on April 28, 2015 by the Monroe County Court. All the requirements for the Rooker-Feldman doctrine are satisfied, and this court, therefore, does not have subject-matter jurisdiction over the plaintiff's claims. *See* Kawh v. PHH Mortgage Corp., 2016 WL 7163086 (E.D.Pa. Feb. 2, 2016) ("[The court] may not revisit the state court determinations underlying Plaintiff's instant Complaint nor may [it] interfere with Plaintiff's pending state court appeals.")(citing Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192-93 (3d Cir. 2006) ("[I]f a plaintiff's claim in federal court is inextricably intertwined with a previous state court adjudication, the district court lacks jurisdiction

over the claim even if it was not raised in the state court."); Moncrief v. Chase Manhattan Mortgage Corp., 275 Fed.Appx. 149, 153 (3d Cir. 2008) ("[T]o the extent that [Plaintiff] seeks to 'appeal from' the state court's foreclosure judgment, the District Court correctly dismissed the claim under Rooker-Feldman."); Reiter v. Washington Mut. Bank, 2011 WL 2670949 (E.D.Pa. July 5, 2011), *aff'd* 455 Fed.Appx. 188 (3d Cir. 2011)("The Rooker–Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'")(citations omitted).

Moreover, the Anti-Injunction Act, 28 U.S.C. §2283, also applies and precludes the court from granting injunctive relief in this case. The Anti-Injunction Act deprives federal district courts the ability to "grant an injunction to stay proceedings in a State court." §2283. There are three narrow exceptions that allow a federal court to grant equitable relief, but the court finds that all three are inapplicable to the present case. *See Reiter, supra*.

Because the court lacks jurisdiction to hear the plaintiff's claims and also lacks authority to grant the relief that the plaintiff requests, this case must be dismissed.

Therefore, the plaintiff's motion for an emergency injunction will be denied and the complaint will be dismissed because the court lacks jurisdiction and authority to provide relief. An appropriate order shall follow.

11

## III.    CONCLUSION

In light of the above, the plaintiff's motion for an emergency injunction, (Doc. 2), is **DENIED**. Plaintiff's case is **DISMISSED** for lack of subject matter jurisdiction. An appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**Dated: December 16, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2416-01.wpd

12